Reuben D. Nathan (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Highway, Suite 200
Newport Beach, California 92663
TEL: (949) 270-2798

Attorneys for Plaintiff OMAR SILVA and All Similarly Situated Persons

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR SILVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SANDERLING RENAL SERVICES - USA LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. MEAL PERIOD VIOLATIONS<br>2. REST PERIOD VIOLATIONS<br>3. MINIMUM WAGE VIOLATIONS<br>4. OVERTIME VIOLATIONS<br>5. SICK PAY VIOLATIONS<br>6. WAGE STATEMENT VIOLATIONS<br>7. FAILURE TO REIMBURSE BUSINESS EXPENSES<br>8. UNLAWFUL DEDUCTIONS<br>9. UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Omar Silva ("Plaintiff") brings this action, individually and on behalf of all other non-exempt employees in the State of California ("Class Members") against Defendant Sanderling Renal Services - USA LLC and DOES 1 through 50 (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this class action pursuant to California Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23 against Defendants for systematic violations of California's Labor Code. Plaintiff seeks recovery of unpaid wages, restitution, civil penalties, and all appropriate relief on behalf of himself and all similarly situated non-exempt employees who suffered wage and hour violations during their employment with Defendants.

2. Defendant operates a network of in-center dialysis clinics and home-based dialysis programs throughout California, providing hemodialysis and peritoneal dialysis services to patients suffering from chronic kidney disease and end-stage renal disease. Defendant's business operations include designing, constructing, and operating both free-standing and hospital-based dialysis facilities, encompassing site selection, construction management, equipment procurement, and ongoing clinical operations.

3. Plaintiff alleges that Defendants systematically violated California's meal and rest period requirements through unlawful policies and practices that prevented non-exempt employees from taking legally compliant meal and rest periods and failed to compensate them with premium wages when such periods were not provided. Plaintiff further alleges that Defendants failed to compensate employees for all hours worked, including off-the-clock work, through unlawful timekeeping policies including improper rounding practices and automatic meal period deductions. Additionally, Plaintiff alleges that Defendants miscalculated the regular rate of pay when computing overtime and sick pay compensation, failed to provide accurate itemized wage statements as required by law, failed to reimburse necessary business expenses, and failed to timely pay all wages due upon separation of employment.

## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed class comprises more than 100 members. Moreover, minimal diversity exists as at least one member of the proposed class is a citizen of a state within the United States, and at least one defendant is a citizen or subject of a foreign state.

5. This Court has personal jurisdiction over Defendants because Defendants purposefully directed their business activities toward California by regularly and systematically engaging with California employees through their employment with Defendants at Defendants' California business operations/locations. Defendants' allegedly unlawful conduct directly targeted and caused harm to California employees, including Plaintiff. But for Defendants' substantial contacts with this forum, Plaintiff would not have suffered the injuries alleged herein.

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendants conduct substantial business operations within this judicial district, a substantial portion of the events and omissions giving rise to these claims occurred within this district, and Plaintiff performed work for Defendants in Santa Cruz County within this district.

## PARTIES

7. Plaintiff Omar Silva is an individual residing in the State of California and was at all relevant times a California resident.

8. Defendant SANDERLING RENAL SERVICES - USA LLC was and is, upon information and belief, a Delaware corporation, with its principal place of business in Nashville, Tennessee, and, at all times mentioned herein, whose employees that are the subject of this class action were/are employed in the State of California.

9. Plaintiff alleges that the violations described herein arose from his employment in Watsonville, California and where Defendants have a regional office and

are authorized and actively conduct business operations in Santa Cruz County. Plaintiff and all Class Members were employed by Defendants as non-exempt hourly employees during the applicable statutory periods.

10. Plaintiff is presently ignorant of the true names and capacities, whether individual, partnership, corporate, or otherwise, of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants under fictitious names pursuant to California Code of Civil Procedure. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of these defendants when ascertained through discovery. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named defendant bears some responsibility for the acts, omissions, and violations alleged in this Complaint.

11. Defendants, and each of them, acted as agents, servants, and employees of each other defendant, and at all times material herein acted within the course and scope of such agency and employment. Defendants, and each of them, approved, authorized, condoned, ratified, and/or acquiesced in each act and omission complained of herein. Defendants, and each of them, participated in and engaged in a joint venture, partnership, and common enterprise, acting within the course and scope of such joint venture, partnership, and common enterprise. Furthermore, Plaintiff alleges that all Defendants constituted joint employers of Plaintiff and all Class Members for all purposes under California law.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

12. In addition, to asserting class claims, Plaintiff asserts claims on behalf of all other Class Members, pursuant to Business and Professions Code section 17200, et seq.

13. The purpose of such claims is to require the defendant(s) to disgorge and restore all monies wrongfully obtained by the defendant(s) through their unlawful, unfair and deceptive business practices, which emanated in California, as alleged herein. A private attorneys general action is necessary and appropriate because the defendant(s) have engaged in wrongful acts described herein as a general business practice.

# FACTUAL ALLEGATIONS

## Background of Defendants' Operations

14. Defendant Sanderling Renal Services - USA LLC operates as a sophisticated healthcare services provider specializing in dialysis treatment for patients with kidney disease. The company maintains multiple dialysis clinics and facilities throughout California, employing numerous non-exempt hourly workers who provide direct patient care and clinical support services.

15. Plaintiff was employed by Defendants as a non-exempt Dialysis Technician working out of Defendants' Watsonville, California facility beginning in early July 2022 and continues as a current employee. Defendants maintain a regional office located at 30 Ragsdale Drive, Suite 202, Monterey, California 93940, which is situated in Santa Cruz County.

16. Throughout their employment, Plaintiff and other non-exempt employees regularly worked shifts exceeding eight hours per day and forty hours per week, frequently requiring overtime work. Plaintiff alleges that all other similarly situated non-exempt employees were subjected to the same uniform policies, procedures, practices, and working conditions, resulting in the same systematic wage and hour violations that Plaintiff experienced.

## Systematic Meal Period Violations

17. At all relevant times, Plaintiff and other non-exempt employees were systematically denied compliant and timely thirty-minute off-duty meal periods as mandated by California law. Due to Defendants' uniform meal period policies, operational requirements, staffing limitations, and workload demands, Plaintiff and other non-exempt employees frequently could not take timely and uninterrupted thirty-minute first meal periods before completing the fifth hour of work. Furthermore, when Plaintiff and other non-exempt employees worked shifts exceeding ten hours, they were not provided with a legally compliant second meal period before completing the tenth hour of work, in violation of the Labor Code and applicable Wage Orders.

18. Along with working off-the-clock, Defendants automatically deducted thirty minutes from all non-exempt employees' time records for meal periods regardless of whether employees received the legally mandated meal period. This automatic deduction policy operated uniformly across Defendants' workforce, deducting mealtime regardless of whether compliant meal periods were actually provided or taken. Plaintiff's and other non-exempt employees' meal periods were frequently shortened or missed due to inadequate staffing, excessive workload demands, in addition to other similar issues.

19. Additionally, for each missed, interrupted, shortened, or otherwise non-compliant meal period, Defendants failed and continue to fail to compensate non-exempt employees with one hour of premium pay calculated at the regular rate of pay as required by Labor Code § 226.7.

20. Consequently, due to Defendants' systematic and uniform meal period practices, non-exempt employees were regularly and systematically denied legally compliant meal periods in violation of California Labor Code §§ 226.7, 510, 516, and applicable Industrial Welfare Commission Wage Orders.

**Systematic Rest Period Violations**

21. During the Class Period Plaintiff and other non-exempt employees were not provided with all legally mandated ten-minute rest periods for every four hours worked, or major fraction thereof, due to Defendants' uniform rest period policies, operational requirements, staffing constraints, and work demands. As a result, Plaintiff and other non-exempt employees were frequently unable to take net ten-minute duty-free rest periods for every major fraction of four hours worked, including second rest periods for shifts exceeding six hours and third rest periods for shifts exceeding ten hours in a workday.

22. By failing to relieve non-exempt employees of all duties during rest periods, Defendants violated their obligation to provide legally compliant rest breaks.

23. Accordingly, due to Defendants' systematic and uniform rest period policies and practices, non-exempt employees were regularly denied legally compliant rest periods

in violation of California Labor Code §§ 226.7, 512, and applicable Industrial Welfare Commission Wage Orders.

**Systematic Failure to Pay for All Hours Worked**

24. At all relevant times, Defendants maintained and enforced a systematic policy and practice of failing to accurately record and compensate employees for all time worked, including all time during which non-exempt employees were subject to Defendants' control. This unlawful practice included a company-wide policy of forcing employees to work off-the-clock, not paying them at the proper overtime rate from 2022 through the end of 2024, while rounding/editing time entries. Defendants implemented an automatic 30-minute (recorded) meal periods from all non-exempt employees' regardless of whether employees actually received a full, shortened, or uninterrupted 30-minute meal period.

25. These systematic timekeeping policies resulted in Plaintiff and the Class being denied compensation for all hours worked and all overtime hours worked, in violation of California Labor Code §§ 510, 1194, 1197.1, 1199, and the applicable Wage Orders of the Industrial Welfare Commission.

26. Defendants' time rounding policy fails to satisfy the legal requirements for facial neutrality or neutral application. Specifically, Defendants subjected Plaintiff and other non-exempt employees to disciplinary action, including potential termination, for tardiness in reporting to work or returning late from meal periods, demonstrating that the policy operates solely in Defendants' favor. Defendants possess or have access to purchase technology that is capable of tracking employee work time to prevent rounding and any off-the-clock work from being performed.

27. As a direct result of these systematic practices, Plaintiff and Class Members were not properly compensated for all hours worked over extended periods of time, in violation of California Labor Code §§ 1194, 1197.1, 1199, and applicable Wage Orders. Additionally, due to Defendants' unlawful rounding and automatic meal deduction policies, Plaintiff and Class Members were not properly compensated at the legally

required overtime rate for all hours worked in excess of eight hours per workday, in violation of Labor Code § 510.

28. California Labor Code § 1197.1 authorizes employees who are paid less than the minimum wage fixed by applicable state or local law or by order of the Industrial Welfare Commission to recover civil penalties, restitution of unpaid wages, and liquidated damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period during which the employee was underpaid; and (2) for each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period during which the employee was underpaid, regardless of whether the initial violation was intentionally committed.

**Failure to Pay Overtime at the Proper Legal Rate**

29. California Labor Code § 510 mandates that employers compensate employees at no less than one and one-half times the employee's regular rate of pay for: (1) all hours worked in excess of eight hours in any workday; (2) all hours worked in excess of forty hours in any workweek; and (3) the first eight hours worked on the seventh consecutive day of work in a workweek. Additionally, Labor Code § 510 requires employers to compensate employees at no less than double the regular rate of pay for: (1) all hours worked in excess of twelve hours in any workday; and (2) all hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. The applicable Industrial Welfare Commission Wage Orders similarly mandate that non-exempt employees shall not work more than eight hours in any workday or more than forty hours in any workweek unless compensated at one and one-half times the regular rate of pay for all such excess hours.

30. Throughout the relevant time period, Plaintiff and other non-exempt employees regularly worked shifts exceeding 8.0 hours in duration, resulting in routine workweeks exceeding forty hours. Despite these extended work hours, Defendants

systematically failed to calculate and pay overtime wages at the proper legal rate or at the regular rate when factoring in bonuses and other compensation.

31. By implementing and maintaining policies requiring Plaintiff and other non-exempt employees to work in excess of eight hours in a workday and forty hours in a workweek without compensating them at the lawful premium rate calculated using their true "regular rate of pay," Defendants willfully violated the provisions of California Labor Code § 510 and the applicable Industrial Welfare Commission Wage Orders.

**Failure to Pay Sick Leave at the Proper Legal Rate**

32. California Labor Code § 246 establishes that employees who work in California for the same employer for thirty or more days within a year from commencement of employment are entitled to paid sick leave at the rate of not less than one hour for every thirty hours worked, beginning at the commencement of employment. Labor Code § 246(l)(1) expressly provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek."

33. Additionally, Labor Code § 246(l)(2) requires that paid sick time "be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Labor Code § 246(i) further requires employers to "provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

34. Throughout the relevant time period, Defendants systematically failed to fulfill their statutory obligation to provide Plaintiff and other non-exempt employees with paid sick leave calculated at the appropriate "regular rate of pay" as required by Labor Code §§ 246(a) and (b). Specifically, Defendants calculated and paid sick time at

employees' base hourly rate rather than at the legally mandated "regular rate of pay" that must include all forms of compensation as required by Labor Code §§ 246(l)(1)-(2).

**Failure to Provide Accurate Wage Statements**

35. As a direct result of Defendants' systematic failure to compensate Plaintiff and other non-exempt employees for all hours worked (including all minimum wage hours, overtime hours, and sick pay hours), Defendants' failure to calculate overtime and sick pay wages at the appropriate legal rate using the correct regular rate of pay, and Defendants' failure to pay all meal and rest period premiums calculated at the "regular rate of pay," Defendants issued wage statements that failed to accurately identify the gross wages earned, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each applicable hourly rate, in violation of California Labor Code § 226(a)(1), (2), (5), and (9).

36. Defendant has also issued electronic wage statements to Plaintiff and Class Members without receiving authority or approval. Plaintiff and Class Members were never provided with the right or option to receive paper wage statements which violates California law.

37. California Labor Code § 226.3 provides that any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee with a wage deduction statement or fails to keep the records required by subdivision (a) of Section 226.

38. Consequently, for the violations of Labor Code § 226 described above, Plaintiff and other non-exempt employees may recover civil penalties under Labor Code § 226.3 for Defendants' systematic violations of Labor Code § 226(a). Because Defendants failed to comply with Labor Code § 226(a), Plaintiff and other non-exempt employees are entitled to recover statutory penalties under Labor Code § 226(e).

/ / /

## Failure to Reimburse Necessary Business Expenses

39. Throughout the relevant time period, Defendants required Plaintiff and other non-exempt employees to incur necessary expenses for work-related purposes but failed to adequately reimburse non-exempt employees for these necessary expenditures, in violation of California Labor Code §§ 2802-2804. Specifically, Defendants uniformly failed to reimburse non-exempt employees for all necessary costs incurred in discharging their employment duties.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action individually and as a representative of the following classes pursuant to California Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23:

> **All Violations Class**: All current and former non-exempt hourly employees who worked for Defendants in California at any time during the four years immediately preceding the filing of this Complaint through the date of trial or judgment (the "Class").

> **Overtime Subclass**: All current and former non-exempt employees who worked for Defendants in California and worked overtime hours during at least one shift at any time during the four years immediately preceding the filing of this Complaint through the date of trial or judgment (the "Overtime Subclass").

> **Unlawful Deduction Subclass**: All current and former employees who worked for Defendants in California at any time during the one year immediately preceding the filing of this Complaint through the date of trial or judgment (the "Unlawful Deduction Subclass").

/ / /

**Wage Statement Subclass**: All current and former employees who worked for Defendants in California at any time during the one year immediately preceding the filing of this Complaint through the date of trial or judgment (the "Wage Statement Subclass").

(Collectively referred to herein as "Class Members," Class," or "the Classes." For purposes of the causes of action, Class shall mean all non-exempt employees or the sub-classes as applicable)

41. **Numerosity and Ascertainability**: The Class Members are so numerous that joinder of all individual members would be impracticable and unduly burdensome. While the precise number of Class Members is presently unknown to Plaintiff, upon information and belief, the Classes consist of at least one hundred current and former employees. The identity and contact information of all Class Members can be readily ascertained through examination of Defendants' business records, employment records, payroll records, and human resources files.

42. **Common Questions of Law and Fact Predominate**: Numerous common questions of law and fact exist as to Plaintiff and all similarly situated non-exempt employees, and these common questions predominate over any questions affecting only individual Class Members. These common questions include, without limitation:

a) Whether Defendants' forced employees to work off-the-clock, and created time rounding policies and practices failed to accurately record and pay for all hours worked by Class Members;
b) Whether Defendants failed to properly calculate the "regular rate of pay" for purposes of computing overtime compensation and sick pay wages owed to Class Members;
c) Whether Defendants provided legally compliant meal and rest periods or proper premium compensation calculated at the "regular rate of pay" in lieu thereof to Class Members;

d) Whether Defendants forced employees to receive electronic wage statements without providing them with the opportunity to receive paper wage statements, furnished legally compliant itemized wage statements to members of the Wage Statement Subclass as required by Labor Code § 226(a);

e) Whether Defendants had a practice of unlawfully deducting wages; and

f) Whether Defendants failed to reimburse Class Members for all necessary business expenses in violation of Labor Code §§ 2802-2804.

43. **Predominance of Common Questions**: The common questions of law and fact identified above are numerous, substantial, and dispositive, and these common questions predominate over any questions that affect only individual Class Members. These common questions arise from Defendants' uniform policies, procedures, and practices applicable to all Class Members, including without limitation: Defendants' systematic failure to pay for all hours worked; Defendants' systematic failure to pay for all unlawful meal breaks; Defendants' systematic failure to properly calculate overtime and sick pay wages at the correct legal rate; Defendants' systematic failure to provide all legally compliant meal and rest periods; and Defendants' systematic failure to provide accurate itemized wage statements; Defendants' systematic failure to reimburse all necessary business expenses. These common questions predominate over individualized questions concerning each Class Member's eligibility for recovery or the precise amount of individual damages.

44. **Typicality**: Plaintiff's claims are typical of the claims of all Class Members because Plaintiff was employed by Defendants as a non-exempt hourly employee in California during the applicable statutes of limitation for each cause of action alleged in this Complaint. As alleged herein, Plaintiff, like all Class Members, was systematically deprived of minimum wages, overtime wages, and sick pay wages calculated at the proper legal rate; was deprived of meal and rest period premium wages calculated at the "regular rate of pay"; was subjected to Defendants' uniform and systematic meal and rest period

policies and practices; was not provided with accurate itemized wage statements; was not adequately reimbursed for all necessary business expenses; and was not timely paid all wages owed upon separation of employment.

45. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of all Class Members. Plaintiff has retained competent counsel experienced in prosecuting complex wage and hour class actions in both state and federal courts. Plaintiff's counsel are ready, willing, and able to fully and adequately represent the interests of the Class Members. Plaintiff's attorneys have successfully prosecuted numerous wage and hour class actions and are actively litigating similar matters, demonstrating their commitment to vigorously prosecuting this action on behalf of all Class Members. Plaintiff and his counsel have no interests antagonistic to or in conflict with the interests of the Class Members.

46. **Superiority**: A class action is the superior method for fair and efficient adjudication of this controversy. The California Labor Code serves broadly remedial purposes and protects important public interests by establishing minimum working conditions, wage standards, and employment protections throughout California. These laws protect working employees from exploitation by employers who possess superior economic and bargaining power and who may attempt to impose onerous or unlawful terms and conditions of employment. The nature of this action and the remedies available under California law make the class action format a particularly efficient, appropriate, and superior method to redress the systematic violations alleged herein.

47. The Classes identified above are properly maintainable as class actions under California Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23.

/ / /

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**MEAL PERIOD VIOLATIONS**

**(On Behalf of Plaintiff and the Class)**

**(Labor Code §§ 226.7, 512, 516 and Applicable IWC Wage Orders)**

48. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs.

49. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative legal obligation to provide all hourly non-exempt employees, including Plaintiff and all Class Members, with all legally required meal periods in accordance with the mandates of the California Labor Code and applicable Industrial Welfare Commission Wage Orders, for the reasons detailed in the factual allegations section of this Complaint. Defendants' systematic violations include implementing and maintaining a policy and practice of automatically deducting thirty minutes for meal periods from all non-exempt employees' recorded time, regardless of whether compliant meal periods were actually provided or taken.

50. Despite these systematic violations, Defendants failed to pay one additional hour of premium compensation calculated at each employee's "regular rate of pay" to Plaintiff and Class Members for each workday on which a legally compliant meal period was not provided, as required by California Labor Code § 226.7.

51. As a direct and proximate result of Defendants' unlawful conduct, Defendants are liable to Plaintiff and the Class for all unpaid meal period premium wages, together with prejudgment interest thereon, civil penalties, liquidated damages, reasonable attorneys' fees, and costs of suit pursuant to the applicable Industrial Welfare Commission Wage Orders, California Labor Code §§ 226.7, 512, 516, and California Civil Code §§ 3287(b) and 3289.

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(On Behalf of Plaintiff and the Class)**

**(Labor Code §§ 226.7, 516 and Applicable IWC Wage Orders)**

52. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs.

53. Industrial Welfare Commission Wage Orders and California Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to receive a rest period of at least ten minutes, on the employer's time, for each four-hour work period or major fraction thereof.

54. Due to Defendants' unlawful rest period policies, procedures, and practices, combined with operational requirements, staffing limitations, and excessive workload demands, Defendants failed to authorize and permit Plaintiff and Class Members to take all rest periods to which they were legally entitled under California law.

55. Despite these systematic violations, Defendants failed to pay one additional hour of premium compensation calculated at each employee's "regular rate of pay" to Plaintiff and Class Members for each workday on which a legally compliant rest period was not provided, as required by California Labor Code § 226.7.

56. As a direct and proximate result of Defendants' unlawful conduct, Defendants are liable to Plaintiff and the Class for all unpaid rest period premium wages, together with prejudgment interest thereon, civil penalties, liquidated damages, reasonable attorneys' fees, and costs of suit pursuant to the applicable Industrial Welfare Commission Wage Orders, California Labor Code §§ 226.7 and 516, and California Civil Code §§ 3287(b) and 3289.

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**MINIMUM WAGE VIOLATIONS**

**(On Behalf of Plaintiff and the Class)**

**(Labor Code §§ 1194, 1194.2, 1197, 1197.1, 1198 and IWC Wage Orders)**

57. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs.

58. Section 4 of the applicable Industrial Welfare Commission Wage Orders and California Labor Code §§ 1197 and 1182.12 establish the right of all employees to receive minimum wages for all hours worked, in amounts established by state and local law. Labor Code §§ 1194(a) and 1194.2(a) provide that employees who have not been paid the legally required minimum wage may recover the unpaid balance of such wages, together with reasonable attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages plus interest accrued thereon.

59. Throughout the relevant time period, Defendants failed to accurately record all time worked by non-exempt employees, including through Defendants' systematic and unlawful time rounding and time editing policies and practices, and through Defendants' practice of automatically deducting thirty minutes for meal periods from all non-exempt employees' recorded time entries regardless of whether compliant meal periods were actually provided. These systematic practices resulted in Plaintiff and Class Members not being compensated for all hours they actually worked and were suffered or permitted to work. Consequently, Plaintiff and Class Members were not compensated for all hours during which they were subject to Defendants' control and suffered or permitted to work, in violation of the Labor Code and applicable Wage Orders.

60. California Labor Code § 1198 renders unlawful any employment under conditions that the Industrial Welfare Commission prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that employers who have failed to pay employees the legally required minimum wage are liable to pay those employees the unpaid balance of all minimum

wages due, plus liquidated damages in an amount equal to the wages unlawfully withheld, together with interest thereon.

61. As a direct and proximate result of Defendants' systematic unlawful conduct alleged herein, Plaintiff and the Class have sustained substantial economic damages, including but not limited to unpaid minimum wages and lost interest thereon, in amounts to be established at trial according to proof. Plaintiff and the Class are entitled to recover all economic damages, statutory damages, civil penalties, liquidated damages, prejudgment interest, reasonable attorneys' fees, costs of suit, and other appropriate relief as a result of Defendants' violations of the Labor Code and applicable Wage Orders.

62. Defendants' systematic practices and uniform administration of corporate-wide policies regarding unlawful employee compensation violate California law and create an entitlement to recovery by Plaintiff and Class Members in a civil action for the unpaid amount of minimum wages, liquidated damages, prejudgment interest thereon, civil penalties, reasonable attorneys' fees, and costs of suit pursuant to California Labor Code §§ 204, 558, 1194 *et seq.*, 1197, 1197.1, and 1198.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(On Behalf of Plaintiff and the Class)**

**(Labor Code §§ 204, 210, 510, 558, 1194, 1198 and Applicable IWC Wage Orders)**

63. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs.

64. This cause of action is brought pursuant to California Labor Code §§ 204, 210, 510, 558, 1194, 1197, and 1198, which establish that non-exempt employees are entitled to overtime premium wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation lawfully owed, including for overtime work performed off-the-clock.

/ / /

65. Defendants were required to properly compensate Plaintiff and members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Industrial Welfare Commission Wage Orders.

66. The Wage Orders require employers to pay employees "one and one-half times the employee's regular rate of pay" for all work more than eight hours per workday and for all work in excess of forty hours in any workweek. Defendants caused Plaintiff and Class Members to work overtime hours either off-the-clock or not at the regular rate of pay.

67. Defendants failed to conform their compensation practices to the legal requirements under California law. At all relevant times, Defendants' systematic unlawful conduct included, but was not limited to: (1) working off the clock (2) implementing time rounding and time editing policies, (3) improper meal periods from all non-exempt employees, and (4) failing to include all forms of remuneration in calculating the regular rate of pay for overtime purposes.

68. Defendants' systematic policies and practices are unlawful and create an entitlement to recovery by Plaintiff and the members of the Overtime Subclass in a civil action for all unpaid overtime wages, together with prejudgment interest thereon, civil penalties, liquidated damages, reasonable attorneys' fees, and costs of suit pursuant to several sections the California Labor Code and applicable IWC Wage Orders.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY SICK LEAVE**

**(On Behalf of Plaintiff and the Class)**

**(Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, 1199 and Applicable IWC Wage Orders)**

69. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs.

70. This cause of action is brought pursuant to California Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and 1199, which provide that employees who work in

California for the same employer for thirty or more days within a year from commencement of employment are entitled to paid sick leave at the rate of not less than one hour for every thirty hours worked, beginning at the commencement of employment.

71. At all times material herein, Defendants were required to properly compensate Plaintiff and Class Members for all paid sick leave pursuant to California Labor Code § 246 and the applicable Industrial Welfare Commission Wage Orders.

72. Labor Code § 246(l)(1) states that paid sick time for non-exempt employees must be calculated as the regular rate of pay for the workweek in which the employee uses paid sick time, even if employee works overtime in that workweek. Additionally, Labor Code § 246(l)(2) states that paid sick time must be calculated by dividing the employee's total wages, not including overtime premium pay, by the total hours worked in the full pay periods of the prior 90 days of employment.

73. Defendants failed in their statutory obligation to provide Plaintiff and Class Members with paid sick leave calculated at the legally required rate. Plaintiff and Class Members were not compensated for paid sick leave at the correct regular rate of pay as required by law, but instead were paid at their base hourly rate, which unlawfully excluded other forms of compensation required to be included in the regular rate calculation.

74. Defendants' systematic policies and practices are unlawful and create an entitlement to recovery by Plaintiff and Class Members in a civil action for all underpaid sick pay wages, together with prejudgment interest thereon, civil penalties, liquidated damages, reasonable attorneys' fees, and costs of suit pursuant to several sections in California Labor Code and applicable IWC Wage Orders.

**SIXTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**(On Behalf of Plaintiff and the Class)**

**(Labor Code § 226 and Applicable IWC Wage Orders)**

75. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs.

76. California Labor Code § 226(a) provides in pertinent part:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

77. Defendants forced employees to receive electronic wage statements without providing them with the option to receive paper wage statements.

78. Through the applicable statutory period, Defendants issued and continue to issue wage statements to their employees, including Plaintiff and members of the Wage Statement Subclass, that fail to comply with the requirements of Labor Code § 226(a) and are a result of not offering Plaintiff and Class Members the option to receive paper wage statements.

79. As a direct result of Defendants' systematic failure to compensate Plaintiff and the Wage Statement Subclass for all minimum wages, overtime wages, and sick pay wages at the proper legal rates, and Defendants' systematic failure to pay all missed meal and rest period premiums calculated at the "regular rate of pay," Defendants failed to include legally required information on Plaintiff's and the Wage Statement Subclass's wage statements, including but not limited to accurate gross wages earned, accurate total hours worked, accurate net wages earned, and the correct corresponding number of hours

worked at each applicable hourly rate, in violation of Labor Code § 226(a)(1), (2), (5), and (9).

80. Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional, demonstrating deliberate disregard for their legal obligations.

81. As a direct result of Defendants' issuance of inaccurate and incomplete itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of California Labor Code § 226(a), Plaintiff and each member of the Wage Statement Subclass are entitled to recover statutory penalties including an initial penalty of fifty dollars ($50.00) for the first violation and one hundred dollars ($100.00) for each subsequent violation, up to an aggregate maximum penalty of four thousand dollars ($4,000.00) per employee, together with reasonable costs of suit and reasonable attorneys' fees, pursuant to Labor Code § 226(e).

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE EXPENDITURES**

**(On Behalf of Plaintiff and the Class)**

**(Labor Code §§ 2802, 2804 and Applicable IWC Wage Orders))**

82. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs.

83. California Labor Code § 2802(a) provides in pertinent part:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

84. Plaintiff and Class Members were required to incur necessary business expenditures in the discharge of their employment duties including by using their cell personal cellular phones to make work related phone calls and use navigation systems.

85. These devices were used by Plaintiffs with Defendants knowledge, understanding, and desire to benefit Defendants and their business.

86. At all relevant times, Defendants systematically failed to comply with Labor Code § 2802 and the applicable Industrial Welfare Commission Wage Orders by failing to reimburse Plaintiff and Class Members for all necessary business expenditures incurred by use of their cell phone including devices to discharge of their employment duties for Defendants.

87. As a direct result of Defendants' systematic failure to reimburse necessary business expenses, Defendants are liable to Plaintiff and the Class for all unreimbursed necessary business expenses, together with prejudgment interest thereon, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 2802 and 2804.

**EIGHTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS**

**(On Behalf of Plaintiff and the Class)**

88. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs.

89. Labor Code §204 provides that all earned wages are due and payable twice during each calendar month. Labor Code §221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. Defendants unlawfully deducted wages from Plaintiff and Class Members. Defendants created a system whereby Plaintiffs and Class Members were not paid all of their wages including without limitation to off-the-clock hours worked, premium payments for missed/interrupted meal and rest periods, and were not paid the proper regular rate. Labor Code §223 provides that where a contract requires an employer to maintain the designated scale, it is unlawful to pay a lower wage while purporting to pay the wage designed by the contract. Labor Code §224 prohibits employers from making deductions from an employee's wages not authorized by the employee in writing or permitted by law. Labor Code §2751 provides that: Whenever an employer enters into a contract of employment with an employee for services to be rendered within this state and the contemplated method of payment of the employee

involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid.

90. Under California law, an employer can lawfully withhold amounts from an employee's wages only in the following circumstances:

a) When required or empowered to do so by state or federal law;

b) When a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions not amounting to a rebate on the employee's wages; and

c) When a deduction to cover health, welfare or pension contributions is expressly authorized by a wage or collective bargaining agreement (Labor Code Sections 221 and 224).

91. None of the exceptions and outlined by the Labor Code apply to Plaintiff and Class Members and therefore the deductions by Defendants are deemed illegal. Defendants have maintained a policy of failing to inform Plaintiff and Class Members of the illegal deductions and have willfully failed to compensate Plaintiff and Class Members for wages earned as a result of the illegal deductions.

92. Plaintiff and all similarly situated employees are entitled to the wages deducted by Defendants i.e., loss of wages and compensation, damages, and/or civil penalties (including penalties pursuant to Labor Code section 225.5), and such other relief permitted by law, according to proof at trial.

**NINTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

**(On Behalf of Plaintiff and the Class)**

**(California Business and Professions Code § 17200 *et seq.*)**

93. Plaintiff realleges and incorporates by reference each and every allegation contained in all preceding paragraphs as though fully set forth herein.

/ / /

94. The allegations including violations committed by Defendants and serve as unlawful, unfair, and fraudulent business practices result in Plaintiff and Class Members suffering damages.

95. Defendants have engaged and continue to engage in unfair, unlawful, and fraudulent business acts and practices in violation of California Business and Professions Code § 17200 *et seq.* by: (1) failing to provide all legally required meal and rest periods and at the regular rate of pay; (2) failing to compensate employees for all hours worked; (3) failing to pay all overtime and sick pay wages calculated at the regular rate of pay; (4) forced employees to receive electronic wage statements and failing to provide accurate and complete itemized wage statements as required by law; (5) failing to adequately reimburse all necessary business expenses; and (6) unlawful deductions .

96. Defendants' systematic utilization of these unfair, unlawful, and fraudulent business practices deprived Plaintiff and continues to deprive Class Members of wages and other compensation to which they are legally entitled, constitutes unfair and unlawful competition in violation of Business and Professions Code § 17200 *et seq.*, and provides Defendants with an unfair competitive advantage over law-abiding competitors who have been and are currently employing workers in honest compliance with applicable wage and hour laws.

97. Because Plaintiff and Class Members are victims of Defendants' systematic unfair, unlawful, and fraudulent conduct alleged herein, Plaintiff and Class Members seeks disgorgement and restitution of all monies unlawfully withheld, acquired, retained, and converted by Defendants, as necessary and according to proof at trial, together with injunctive relief to prevent future violations, pursuant to Business and Professions Code §§ 17200, et seq.

98. The unlawful acts complained of herein occurred within the four years immediately preceding the filing of this Complaint and continue through the present date.

99. Plaintiff was compelled to retain the services of experienced counsel to file this action to protect his rights and the rights of all Class Members, to obtain restitution

and injunctive relief on behalf of Defendants' current and former hourly non-exempt employees, and to enforce important statutory rights affecting the public interest. Plaintiff has thereby incurred and will continue to incur substantial attorneys' fees and costs, which Plaintiff is entitled to recover under California Code of Civil Procedure § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Omar Silva, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment against Defendants as follows:

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Classes;
3. That counsel for Plaintiff be appointed as Class Counsel;
5. For restitution of "unpaid wages" to Plaintiff and all other Class Members and pre-judgment interest from the day such amounts were due and payable;
6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;
7. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due pursuant to Labor Code sections 218.6 and 1194;
8. For reasonable attorney's fees and for costs of suit incurred herein pursuant to Labor Code sections 218.5 and 1194;
9. For civil penalties pursuant to Labor Code section 558;
10. For payments pursuant to Labor Code section 226.7(b);
11. For payments pursuant to Labor Code section 226.7(b);
12. For reimbursement of expenses;
13. For statutory penalties pursuant to Labor Code section 226(e);
12. For statutory penalties pursuant to Labor Code section 225.5;
13. Restitution and disgorgement;
14. For pre-judgment interest on any unpaid wages from the date such amounts were due pursuant to Labor Code section 218.6;

15. For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;
16. For restitution of "unpaid wages" to Plaintiff and all other Class Members and pre-judgment interest from the day such amounts were due and payable;
17. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code section 17200 et seq.;
18. For reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5;
19. Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all other who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;
20. Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;
21. For compensatory damages against Defendants to be paid to the California class, including all wages and overtime pay, and statutory damages for violation of California Labor Code Section 226 owed to the California class under California law;
22. For attorneys' fees and costs as allowed by Section 1194 of the California Labor Code, Section 1021.5;
23. For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California;
24. For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein;
25. For general and special damages;

26. Restitution and disgorgement;

27. Statutory damages, civil penalties;

28. Pre-judgment interest;

29. For reasonable attorneys' fees and costs; and

30. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff Omar Silva hereby demands a trial by jury on all causes of action and issues so triable as a matter of right under the United States Constitution and the laws of the State of California.

Respectfully submitted,

DATED: January 30, 2026

**NATHAN & ASSOCIATES, APC**

BY: *s/ Reuben D. Nathan*

Reuben D. Nathan, Esq. (SBN 208436)
2901 W. Coast Highway, Suite 200
Newport Beach, California 92663
Telephone: (949) 270-2798
Email: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff Omar Silva and the Putative Class*